IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEANGELO CORTEZ SWINDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:21-CV-955-RP |
| | § | |
| SHEILA VASQUEZ and STEVEN McCRAW, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are cross-motions for summary judgment filed by Plaintiff DeAngelo Cortez Swindle ("Swindle"), (Dkt. 27), and Defendants Sheila Vasquez ("Vasquez") and Steven McCraw ("McCraw") (collectively, "Defendants"), (Dkt. 42). Having considered the parties' briefing, the evidence, and the relevant law, the Court will grant Defendants' motion for summary judgment and deny Swindle's motion for summary judgment.

## I. BACKGROUND

### A. Factual Background

The following facts are uncontroverted. On August 31, 2016, Swindle was convicted of "aiding and abetting prostitution" in violation of 18 U.S.C. §§ 2 and 2421. *See United States v. Swindle,* No. 6:16-CR-00018(1)-RP (W.D. Tex. filed Jan. 12, 2016) (Order, Dkt. 85). As part of Swindle's conviction, the judgment included the following condition to supervised release: "[i]f convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that [Swindle] comply with the requirements of the Act." *Id.* at 4.

At the time, the Texas Department of Public Safety's ("DPS") policy stated that if a person had a listed federal sex-offense conviction on record, DPS would review the findings of the convicting court for information affirmatively indicating that the person met the exception

requirements. (Pl.'s Aff., Dkt. 27, at 20; Hudson's Aff., Dkt. 42-2, at 2–3). Swindle's records did not

include an affirmative indication that he met the exception. On October 31, 2019, Swindle received

a notice from DPS's Sex Offender Registration Bureau ("the Bureau") indicating he was required to

register as a sex offender based on his conviction. (Pl.'s Aff., Dkt. 27, at 20). After some inquiries,

Swindle was informed that DPS required judicial fact-findings that he met the exception to be

removed from the registry. (*Id.*). In light of this, Swindle complied with the registration requirement

and was registered as a sex offender through May 23, 2022 (*Id.*).

On December 10, 2019, Swindle filed a motion to modify the conditions of his supervised

release, asserting that his conviction did not qualify as a sex offense. *See United States v. Swindle,* No.

6:16-CR-00018(1)-RP (Mot., Dkt. 126). On February 4, 2020, the Court entered a text order finding

that "[Swindle's] conviction qualifies as a sex offense under Tile 34, United States Code, Section

20911." *See Swindle*, No. 6:16-CR-00018(1)-RP (Text Order Feb. 4, 2020). On May 19, 2022, the

Court vacated its determination that Swindle's conviction qualified as a sex offense. *See Swindle*, No.

6:16-CR-00018(1)-RP (Order, Dkt. 152). Swindle was removed from the Texas sex offender registry

on May 23, 2022. (Def.'s Mot. Summ. J., Dkt. 42, at 3).

Swindle filed this suit on October 22, 2021. (Dkt. 1). Defendants filed their motion for

summary judgment on June 16, 2022. (Dkt. 10). Swindle filed his Motion for Summary Judgment on

November 18, 2022. (Dkt. 27). On January 23, 2023, Plaintiff filed his First Amended Complaint.

(Dkt. 36). In light of the amended complaint, the Court gave the parties an opportunity to amend

their motions for summary judgment. (Order, Dkt. 31). Defendant filed an amended motion for

summary judgment on February 3. 2023. (Dkt. 42).

### B. DPS's Policy Change

Since the initial filing of this suit, DPS has changed the process for determining if federal

offenses required extrajurisdictional sex offender registration in response to the Fifth Circuit's

opinion in *Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970 (5th Cir. Jan. 6, 2022) (unpublished). (Def.'s Mot. Summ. J., Dkt. 42, at 3). DPS now relies exclusively "on the registration conditions set by the convicting court" to determine whether an individual is required to register as an extajurisdictional registrant. (Hudson's Aff., Dkt. 42-2, at 2). According to this policy, "[i]f the convicting court does not indicate in its records that registration is required, [DPS] will not consider the person to be an extrajurisdictional registrant." (*Id.*).

## II. LEGAL STANDARD

### C. Standing

To have Article III standing, a plaintiff must "(1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (citing *Lujan v. Def's. of Wildlife*, 504 U.S. 555, 560–61 (1992), *as revised* (Oct. 30, 2020)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 569 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). If subsequent developments render the court unable to grant the litigant "any effectual relief whatever," the case is moot. *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020), *cert. denied sub nom. Dierlam v. Biden*, 141 S. Ct. 1392 (2021). However, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984).

### D. Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party does not bear the ultimate burden of proof, after it has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). When the movant bears the burden of proof, she must establish all the essential elements of her claim that warrant judgment in her favor. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In such cases, the burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin*

4

*All. v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). Cross-motions for summary judgment "must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004).

### III. DISCUSSION

Swindle claims that Defendants' policy deprived him of his due process rights under the Fourteenth Amendment. (Am. Compl., Dkt. 36, at 16, 18). He raises claims for declaratory and injunctive relief against Defendants in their official capacity and nominal damages against Defendants in their personal capacity, all under 42 U.S.C. § 1983. (*Id.* at 16–24). In their motion for summary judgment, Defendants argue that: (1) their change in policy in response to *Pierre v. Vasquez* moots Plaintiff's claims; (2) Plaintiff's lack standing to challenge DPS's new policy; (3) Swindle's claims for declaratory relief are barred by sovereign immunity; and (4) Defendants are entitled to qualified immunity. (Defs.' Mot. Summ. J., Dkt. 42). Swindle contests each of these arguments and claims that Defendants clearly violated his due process rights. (Pl.'s Mot. Summ. J., Dkt. 27, at 11). For the following reasons, the Court finds that Swindle's requests for injunctive relief and declaratory judgment are moot. Furthermore, the Court finds that Defendants are entitled to qualified immunity on Swindle's claim for nominal damages.

### A. Does DPS's Current Policy Moot Plaintiff's Claims?

Defendants argue that Swindle's claims are moot because: (1) DPS changed the challenged practice, (2) the convicting court vacated its finding that Swindle's conviction qualified as a sex offense, (2) DPS has determined that Swindle does not have a duty to register; and (4) Swindle has been removed from the Texas sex offender registry. (Defs.' Mot., Dkt. 42, at 7–9; Defs.' Resp., Dkt. 28, at 7–9). In response, Swindle argues, among other things, that Defendants have replaced their

policy with one that is also constitutionally infirm, and that Defendants have engaged in voluntary cessation. (*See* Pl.'s Mot., Dkt. 27, at 11–12; Pl.'s Resp., Dkt. 45, at 5–7).

As Swindle notes, this Court considered a similar mootness argument in *Pierre v. Vasquez*, a case involving the same policy and the same Defendants. No. 1:20-CV-224-LY, 2022 WL 3219421 (W.D. Tex. Aug. 9, 2022) (mem. op.) (hereinafter "*Pierre II*"). On remand, Defendants in *Pierre II* filed an affidavit addressing the change in policy they instituted in response to the Fifth Circuit's opinion. *See Pierre II*, 2022 WL 3219421, at *2–3 (describing the affidavit and the change in policy). After considering the affidavit, the Court found that plaintiff's procedural due-process-claim and his request for declaratory relief concerning the new policy were not moot because plaintiff "maintain[ed] a redressable injury and there remains a public interest in determining the legality of Defendants' practices in a manner consistent with previous decisions by this circuit." *Id.* at *4. However, the Court also denied as moot plaintiff's requests for injunctive and declaratory relief for the original policy. *Id.* The Court reasoned that the change in policy had already provided the requested relief because under the new policy plaintiff would not be required to register as a sex offender. *Id.*

The same policy that mooted plaintiff's claims in *Pierre II* applies here. Swindle seeks injunctive relief prohibiting Defendants "from restoring Plaintiff's identifying information" to the registry. But DPS has determined, based on the new policy and on the convicting court's order vacating its findings, that "Swindle does not have a duty to register based on this offense." (Aff., Dkt. 42-2, at 1). In fact, Swindle does not appear in the registry as of May 23, 2023. *Id.* Because he has received the relief he requested through the change in policy and the convicting court's order, his request for injunctive relief is moot. And because DPS has already determined that Swindle will not be required to register as a sex offender based on this conviction, his request for declaratory judgment would be merely advisory and is therefore moot.

Furthermore, like the due-process claim in *Pierre II*, Swindle's procedural-due-process claim

for nominal damages is not moot, despite DPS's change in policy. Where due-process rights have

been violated, "even if [plaintiffs] did not suffer any other actual injury, the fact remains that they

were deprived of their right to procedural due process." *Carey v. Piphus*, 435 U.S. 247, 266

(1978). Additionally, "for the purpose of Article III standing, nominal damages provide the

necessary redress for a completed violation of a legal right." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792,

802 (2021).  Here, Swindle registered as a sex offender per Defendants' instructions. The alleged

violation is a "completed violation," and "his interest in vindicating his procedural-due-process right

has remained." *Pierre II*, 2022 WL 3219421, at *4. Therefore, Swindle's request for nominal damages

against Defendants in their personal capacities is not moot.

## B. Swindle's Procedural-Due-Process Claim

For his only remaining claim, Swindle argues that Defendants violated his procedural due

process rights by determining he was required to register as an "extrajurisdictional sex offender"

without providing him with notice or an opportunity to be heard. (Pl.'s Resp, Dkt. 45, at 2–3).

Defendants argue that they are entitled to qualified immunity because Swindle has not shown

Defendants violated of a clearly established constitutional right. The Court agrees Defendants are

entitled to qualified immunity because their actions did not violate a clearly established constitutional

right, and they acted reasonably in light of the "'law which was clearly established at the time of the

disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 254 (5th Cir. 2010) (quoting *Collins v. Ainsworth*,

382 F.3d 529, 537 (5th Cir. 2004)).

The Texas Code of Criminal Procedure states that a person is required to register as an

"extrajurisdictional registrant" if the person is required to register as a sex offender under federal

law. Tex, Code Crim. Proc. § 62.001(10). Swindle was convicted of "aiding and abetting

prostitution" in violation of 18 U.S.C. § 2421, which is listed as a registrable "sex offense" under the

federal sex offender definitions. *See* 34 U.S.C. § 20911(5)(A)(iii) (naming certain offenses included under the term "sex offense"). Although the classification is subject to certain exceptions, his judgment did not include findings that showed he was subject to one of these exceptions. *See id.*; 34 U.S.C. § 20911(5)(C) (naming exceptions).

At the time of Defendants' actions, the law clearly established that a person convicted of a sex offense is not entitled to additional due process before the government could impose sex offender conditions such as registration. *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). This is because, when a sexual offense is involved, a "prior adversarial setting" provides "the minimum protections required by due process." *Id.* at 401 (citation omitted). Defendants reasonably relied on the judgment, which showed he had been convicted of a reportable offense, in determining that Swindle was required to register as a sex offender under federal law.

Swindle argues that the indictment included facts that showed the violation fell under the statutory exception, but "[s]tatements included in the indictment are not 'affirmative findings.' They are allegations." *Littlepage*, 1:17-CV-190-RP, 2017 WL 3611773, at *3 (W.D. Tex. Aug. 21, 2017). Furthermore, although this Court has found in *Pierre II* that forcing someone to register under almost identical conditions was a due process violation, *Pierre II* was decided after the relevant events in this case. *See Pierre II*, 2022 WL 3219421, at *5–6 (finding a due process violation for the determination that plaintiff, who was convicted of an exempt § 2421 violation, was an extrajurisdictional registrant). At the relevant time, Swindle did not have a clearly established right that compelled Defendants to look beyond the judgment in making their determination, nor was it clearly established that Defendants could only rely on an affirmative finding that a person had to register as a sex offender.

Swindle further argues that it was clearly established at the time that the government may not impose sex offender conditions without due process on a person who has not committed a sex

offense, and that his offense did not actually qualify as a sex offense, as it fell under one of the statutory exceptions. (*See* Pl.'s Mot., Dkt. 27, at 12–15; Aff., Dkt. 42-2, at 2). Swindle correctly notes that the Fifth Circuit has held that the government may not impose sex offender requirements on a person who has not been convicted of a sex offense unless the determination complies with additional due process requirements. *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004); *see Meza*, 607 F.3d at 412 (delineating additional due process requirements). However, the cases he cites involved base offenses that were not listed as sex offenses under either the Texas statute or the federal statute. For example, *Coleman* and *Meza*, involved convictions for misdemeanor assault and for murder under Texas law. *Coleman*, 395 F.3d at 219; *Meza*, 607 F.3d at 396. Although Swindle's conviction did not qualify as a sex offense under federal law because it met the exception under the federal statute. (*See* Aff., Dkt. 42-2, at 2); he was convicted of a violation that is listed as registrable under SORNA. In light of that, the Court finds that it was not clearly established that Defendants could not impose sex offender registration conditions on Swindle when his judgment showed a conviction for an offense that is listed as a registrable sex offense. Accordingly, the Court finds that Defendants are entitled to qualified immunity and will grant summary judgment in their favor.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants Sheila Vasquez and Steven McCraw's Motion for Summary Judgment, (Dkt. 42), is **GRANTED**. Plaintiff's claims for injunctive relief and declaratory relief are **DISMISSED AS MOOT.** The Court will enter judgment in Defendants' favor as to Swindle's claim for nominal damages.

**IT IS FURTHER ORDERED** that Plaintiff DeAngelo Cortez Swindle's Motion for Summary Judgment, (Dkt. 27), is **DENIED**.

**SIGNED** on June 29, 2023.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE